UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADE J. SCHLINGER, | Case No.  2:25-cv-0699-JDP (SS) |
| Plaintiff, | |
| v. | ORDER |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 15 & 16.  For the reasons discussed below, plaintiff's motion is granted, the Commissioner's is denied, and the matter is remanded for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

1

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 703 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On June 10, 2021, plaintiff filed an application for SSI, alleging disability beginning on December 31, 2018. Administrative Record ("AR") 250-63. After her application was denied both initially and upon reconsideration, plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). AR 43-89, 145-51, 155-61. On March 13, 2024, the ALJ issued a decision finding that plaintiff was not disabled. AR 17-34. Specifically, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since June 10, 2021, the application date.

* * *

2

2.  The claimant has the following severe impairments: fibromyalgia, arthrosis of the first metatarsophalangeal joint of the right foot, anxiety disorder, depressive disorder, post-traumatic stress disorder, and adult attention deficit hyperactivity disorder.

    * * *

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

    * * *

4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the use of ramps and stairs is limited to no more than occasional and the use of ladders, ropes, and scaffolds is limited to no more than occasional. Tasks requiring balancing, stooping, crouching, crawling, and kneeling are all limited to no more than occasional. The claimant is limited to performing simple, repetitive tasks and limited to having interactions with coworkers, supervisors, and the general public on a not more than frequent basis.

    * * *

5.  The claimant has no past relevant work.

    * * *

6.  The claimant was born [in] 1977 and was 44 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7.  The claimant has at least a high school education.

8.  Transferability of job skills is not an issue because the claimant's past relevant work is unskilled.

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

    * * *

10. The claimant has not been under a disability, as defined in the Social Security Act, since June 10, 2021, the date the application was filed.

3

AR 19-34 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request.  AR 1-6.  She now seeks judicial review under 42 U.S.C. § 405(g).

**Analysis**

Plaintiff's motion raises three overarching arguments, and, having reviewed them, I find that her contention that the ALJ failed to offer sufficient reasons for discounting her subjective testimony is the most persuasive.  Accordingly, I find it unnecessary to include an analysis of her other arguments because, even if they were fully credited, I would still remand for additional proceedings rather than payment of benefits.

The ALJ found that plaintiff's "statements about the intensity, persistence, and limiting effects of her symptoms . . . are inconsistent because objective evidence does not support the severity alleged in the claimant's activities of daily living, symptomatology, and treatment regimen . . . ." AR 29.  The rationale that the ALJ offers to undergird this finding is not, as it must be, supported by "specific, clear, and convincing reasons."  *See Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021).

A.  Activities of Daily Living

The ALJ found that plaintiff's activities of daily living were inconsistent with her testimony that her impairments were debilitating.  AR 29.  The activities that the ALJ then goes on to list are either insufficiently explained in terms of how they cut against plaintiff's testimony, or the sort of basic activities of living that the Court of Appeals has held do not detract from a claimant's credibility.  *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.").

First, the ALJ notes that plaintiff cares for her nineteen-year-old daughter (at the time of hearing) who has cerebral palsy.  AR 29.  He offers no detail as to what this care regimen consists of or how it undercuts plaintiff's credibility, however.  In her testimony, plaintiff mentioned taking care of her daughter, AR 52, but never elaborated on what that entailed.  She mentioned only

4

occasionally getting her daughter food from a drive-through, AR 63, and going to the movies with her, *id.* at 65. Thus, I cannot tell why this activity warrants an adverse credibility determination. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("The ALJ must make specific findings relating to [the daily] activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination.") (quotation marks omitted) (alteration in original); *see also Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2019) ("Though the ALJ repeatedly pointed to Trevizo's responsibilities caring for her young adoptive children as a reason for rejecting her disability claim, the record provides no details as to what Trevizo's regular childcare activities involved . . . . Absent specific details about Trevizo's childcare responsibilities, those tasks cannot constitute 'substantial evidence' inconsistent with Dr. Galhotra's informed opinion, and thus the ALJ improperly relied on Trevizo's childcare activities to reject the treating physician opinion.").

Next, the ALJ lists various activities of daily life, including: light household chores, shopping for groceries, using a fast-food drive-through, holding a driver's license, "operating electronic devices," like a cellular phone, and being able to walk for fifteen minutes before needing to rest for another five to ten minutes. AR 29. These basic life activities are the sort which other courts have held do not warrant an adverse credibility finding. *See Vertigan,* 260 F.3d at 1050. Some, like the use of a cellular phone or holding a driver's license are so *de minimis* that their inclusion is, frankly, perplexing. More broadly, it bears noting that "[m]any home activities are not easily transferrable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Finally, plaintiff's hearing testimony is replete with contentions that these basic activities were undertaken with physical and mental difficulty. AR 65 (testifying that she asks her father to help her carry in groceries and, when doing it alone, performs the task slowly); AR 68 (stating that lifting a gallon of milk hurts her shoulders); AR 69 (testifying that even basic activities like showering cause her fatigue).

Thus, I find that the ALJ failed to offer specific, clear, and convincing reasons why plaintiff's activities of daily living undercut her testimony.

### B.  Symptomatology and Treatment Regimen

In discounting plaintiff's testimony based on her symptoms and treatment regimen, the ALJ emphasized that she currently had no treatment for her fibromyalgia, though he acknowledged that her providers had urged her to engage in light physical activity, like walking. AR 29-30.  The ALJ also noted that plaintiff had medication or an assistive device to treat her joint dysfunction in her right foot.  AR 30.  Finally, he stated that plaintiff "acknowledged" that her psychological impairments were treated with therapy and medication.  *Id.*  These reasons are unconvincing.

As plaintiff points out, the ALJ's discussion of fibromyalgia is internally contradictory insofar as it both holds out that plaintiff is not being treated for the condition at all, while also acknowledging that her providers have recommended physical activity to help ameliorate the condition.  Read generously, the ALJ might be implying that she is being treated conservatively, but it is unclear whether this is because her fibromyalgia is mild or, as the decision itself acknowledges, a previously prescribed medication was ineffective.

The discussion of the joint dysfunction and psychological impairments is also insufficient to meet the relevant standard.  As for her foot issues, plaintiff holds out records from 2023 indicating that she has asked for orthotics and been offered cortisone injections.  AR 2589.  And it is unclear how being treated for psychological issues undercuts a claimant's testimony about the intensity of those issues.  The ALJ offers no analysis as to why plaintiff's specific psychological treatment indicates that her subjective testimony should be discredited.

### C.  Remand for Additional Proceedings

Based on the foregoing, I find that remand for additional proceedings is warranted. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).  Here, the record is uncertain and further proceedings are warranted.

Accordingly, it is hereby ORDER that:

1.  Plaintiff's motion for summary judgment, ECF No. 15, is GRANTED.

2.  The Commissioner's cross-motion for summary judgment, ECF No. 16, is DENIED.

3.  The matter is remanded for further proceedings consistent with the court's order.

4.  The Clerk of Court be directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.

Dated:    March 30, 2026                                _____
                                                         JEREMY D. PETERSON
                                                         UNITED STATES MAGISTRATE JUDGE