ERIC GRANT
United States Attorney
MATHEW W. PILE, WSBN 32245
Executive Counsel for Program Litigation 1
Social Security Administration | Law & Policy
EDMUND DARCHER, WA 42906
Special Assistant United States Attorney
6401 Security Boulevard
Baltimore, MD 21235
Telephone: (206) 615-2662
Email: edmund.darcher@ssa.gov
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JADE J. SCHLINGER,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | CIVIL NO. 2:25-cv-00699-JDP<br><br>**STIPULATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |

Plaintiff seeks an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 et seq. ECF No. 24. After Plaintiff filed the present motion at ECF No. 24, the parties engaged in good faith negotiations. Defendant, the Commissioner of Social Security (Commissioner), by his undersigned counsel, and Plaintiff, by her counsel, Jesse Kaplan, now agree and stipulate as follows:

1. Plaintiff was the prevailing party in this matter;

2. Plaintiff was an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed;

3. The position of the Commissioner was not substantially justified;

4. An award of fees is not unjust;

5. An award of $12,000.00 constitutes reasonable attorney fees and $405.00 constitutes reasonable costs in this matter; and

6. Payment of these amounts shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees in connection with this action. The parties further agree that the EAJA award is without prejudice to the right of Plaintiff's attorney to seek attorney fees pursuant to Social Security Act § 206(b), 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. *See* 28 U.S.C. § 2412(c)(1) (2006).

9. Under *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528-29 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Any EAJA fees should therefore be awarded to Plaintiff and not to Plaintiff's attorney. If, after receiving the Court' s EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned her right to EAJA fees to her attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff' s attorney, Jesse Kaplan, per assignment from Plaintiff. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check or electronic fund transfer (EFT) made out to Plaintiff but delivered to Plaintiff's attorney.

Dated: Sept. 25, 2026

*/s/ Jesse Kaplan*
JESSE KAPLAN
Attorney for Plaintiff
*Authorized via e-mail on Sept. 25, 2026

ERIC GRANT
United States Attorney
MATHEW W. PILE
Associate General Counsel
Social Security Administration

By: /s/ *Edmund Darcher*
EDMUND DARCHER
Special Assistant United States Attorney

Attorneys for Defendant

**[PROPOSED] ORDER**

Based upon the parties' Stipulation for Attorney Fees Under the EAJA, 28 U.S.C. § 2412, et seq., and good cause shown, **IT IS ORDERED** that Plaintiff is awarded $12,000.00 in fees under the EAJA and $405.00 in costs. Under *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528-29 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Any EAJA fees should therefore be awarded to Plaintiff and not to Plaintiff' s attorney. If, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned her right to EAJA fees to her attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff' s attorney, Jonathan Pena, per assignment from Plaintiff. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check or EFT made out to Plaintiff but delivered to Plaintiff' s attorney.

Plaintiff's motion for attorney's fees, ECF No. 24, is DENIED as moot in light of this stipulation.

IT IS SO ORDERED.

Dated: September 29, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE